**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GARY WILLIAMS,** | : |
| **Plaintiff** | : |
| | : **CIVIL ACTION NO. 3:14-0950** |
| v. | : |
| | : **(JUDGE MANNION)** |
| **PTLM. FRANCIS MCLANE,** | : |
| **Defendant** | : |

### MEMORANDUM

Pending before the court is the report of Magistrate Judge Susan E. Schwab, which recommends that the defendant's motion to dismiss the plaintiff's amended complaint be granted and that the plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted. (Doc. 32). Although the plaintiff originally objected to Judge Schwab's report, (Doc. 40)[1], on February 17, 2016, the plaintiff filed a motion to withdraw his complaint. (Doc. 42). In his filing, the plaintiff indicates that, upon consideration, he now agrees with Judge Schwab's report and recommendation and that he wants to withdraw his amended complaint.

In considering Judge Schwab's report, for those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face

---

[1] The defendant filed a response to the plaintiff's objections on February 8, 2016. (Doc. 41).

of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

On March 5, 2015, the plaintiff filed the instant amended complaint against defendant Patrolman Francis McLane of the Scranton Police Department. The plaintiff's allegations center around his arrest in 2012 after a domestic incident. The essence of the plaintiff's amended complaint is that defendant McLane knowingly submitted a false and deceptive affidavit of probable cause which resulted in the plaintiff's false arrest, resulted in excessive bail prior to his preliminary hearing and resulted in a number of criminal charges being held over for trial after his preliminary hearing. The plaintiff alleges violations of his Fourth, Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. §1983. Defendant McLane filed a motion to dismiss the plaintiff's amended complaint for failure to state a claim upon which relief can be granted, which is the subject of Judge Schwab's report.

(Doc. 22).

In considering defendant McLane's motion, Judge Schwab determined that, although the plaintiff labels his Fourth Amendment claim based on defendant McLane's allegedly false statements in the affidavit of probable cause as a false arrest claim, the claim is, in fact, a malicious prosecution claim. As such, Judge Schwab found that, although the plaintiff had received a number of favorable rulings with respect to some of the charges against him, this was not sufficient to show a favorable termination as is required to sustain a malicious prosecution claim. Moreover, Judge Schwab determined that, although the plaintiff had alleged that the proceedings against him were initiated without probable cause, his allegations were merely conclusory and were insufficient to establish that defendant McLane falsified the affidavit of probable cause. Because Judge Schwab concluded that the facts alleged in the amended complaint fail to establish that defendant McLane knowingly engaged in any acts of falsification while submitting his affidavit of probable cause, Judge Schwab found that it could not be concluded that defendant McLane engaged in the constitutional tort of malicious prosecution or in violations of any other constitutional rights for that matter. With respect to the plaintiff's Eighth and Fourteenth Amendment claims, like the Fourth Amendment claim, Judge Schwab determined that these were based on the

allegation that defendant McLane falsified the affidavit of probable cause. Having concluded that the plaintiff's amended complaint fails to plead facts to show such a falsification by the defendant, Judge Schwab determined that the Eighth and Fourteenth Amendment claims were without merit as well. For these reasons, Judge Schwab recommends that the defendant's motion to dismiss the plaintiff's amended complaint be granted and that the plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted.

As indicated above, the plaintiff now agrees that his claims are more appropriately brought as a malicious prosecution claim and, for the reasons set forth in Judge Schwab's report, the malicious prosecution claim fails. As such, the court will adopt Judge Schwab's report and the plaintiff's amended complaint will be dismissed without prejudice.

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  March 29, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0950-01.wpd